# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRENDA G. SHIELDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **5:11-CV-1173-VEH** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Brenda G. Shields (hereinafter "Plaintiff") brings this action pursuant to 42 U.S.C., § 405(g) and § 1383(c)(3) of the Social Security Act. Plaintiff seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied Plaintiff's application for Disability Insurance Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C., § 405(g) and § 1383 (c)(3) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

On December 19, 2007, Plaintiff applied for Disability Insurance Benefits, claiming an onset date of September 4, 2007.  At the time of the November 12, 2009 hearing before the Administrative Law Judge (hereinafter "the ALJ"), Plaintiff was fifty-four years old.  (Tr. 26, 83).  The ALJ denied Disability Insurance Benefits to the Plaintiff on December 14, 2009, opining that the Plaintiff is capable of performing past relevant work as a recreation therapist, light and semiskilled.  (Tr. 14).  This became the final decision of the Commissioner when the Appeals Council refused to grant review on February 2, 2011.  (Tr. 1-3).

The Appeals Council's denial signaled that Plaintiff had exhausted her administrative remedies.  Plaintiff filed this action for judicial review, pursuant to 42 U.S.C. § 1383(c)(3) of the Social Security Act.  It is Plaintiff's position that the decision of the Commissioner is not supported by substantial evidence; that the ALJ substituted the ALJ's own opinion for that of a treating physician; and that the decision should be reversed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to his determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for Disability Insurance Benefits and establish her entitlement for a period of disability, the claimant must be disabled as defined by the Social

Security Act and the Regulations promulgated thereunder.[1]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to Disability Insurance Benefits, a claimant must provide evidence about a "physical or mental impairment," which must result from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

> (1) whether the claimant is currently employed;
> (2) whether the claimant has a severe impairment;
> (3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
> (4) whether the claimant can perform her past work; and
> (5) whether the claimant is capable of performing any work in the national economy.

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); *accord*, *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "Once the [Plaintiff] has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the [Plaintiff] does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the [Plaintiff] can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Phillips*, 357 F.3d at 1239.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that the Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 10). The ALJ concluded that the Plaintiff has not engaged in substantial gainful activity throughout the whole period after the onset date of her disability on September 4, 2007. *Id*. Additionally, the ALJ found that the Plaintiff has the following severe impairments: arthralgia, diffuse, mild to moderate; and degenerative disk disease (DDD) of the cervical spine at C6-7, mild (20 C.F.R. 404.1520(c)). (Tr. 10). Moreover, the ALJ found that these impairments, when considered individually or

in combination, did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). (Tr. 12).

The ALJ evaluated Plaintiff's residual functional capacity and found that Plaintiff retains:

> the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) with sitting thirty minutes to one hour, standing thirty minutes to one hour, and walking at least half of one block, and must alternate positions throughout the eight-hour workday with customary breaks.

(Tr. 12).

The ALJ determined that Plaintiff is capable of performing past relevant work as a recreation therapist (DOT #076.124-014), light and semiskilled; this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (20 C.F.R. 404.1565). (Tr. 14). In addition, the ALJ noted that Plaintiff has not been under a disability, as defined in the Social Security Act, from September 4, 2007 through the date of the ALJ's decision (20 C.F.R. 404.1520(f)). (Tr. 15). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by §§ 216(I) and 223(d) of the Social Security Act. (Tr. 15).

## ANALYSIS

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See id*. ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted). In particular, this court has a "<u>responsibility to scrutinize the record in its entirety</u> to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added).

Plaintiff argues that the ALJ's decision should be reversed because "the ALJ has failed to apply the correct legal standards in reaching his conclusion and his decision is not supported by substantial evidence." (Doc. 7 at 17). Plaintiff also contends that the ALJ substituted "his opinion for that of a physician as to whether or not the Plaintiff has rheumatoid arthritis . . . an ALJ may not arbitrarily reject uncontroverted medical evidence." (Doc. 7 at 14) (citing *Walden*, 674 F.2d

at 839). After thorough review, the court finds that the ALJ's decision is due to be reversed and remanded.

### I. SUBSTANTIAL EVIDENCE DOES NOT SUPPORT THE ALJ'S HOLDING THAT PLAINTIFF WAS NOT DISABLED.

Plaintiff argues that the ALJ erred in finding that Plaintiff is ineligible to receive Disability Insurance Benefits. Plaintiff contends that improper weight was given to the medical opinion of a treating physician, and that the ALJ did not apply the correct legal standard.

#### A. The ALJ Improperly Weighted The Medical Opinion Of A Treating Physician.

Plaintiff argues that the ALJ improperly substituted his own opinion for the medical opinion of a treating physician when improper weight was given to treating physician Dr. Haggag's medical opinion. (Doc. 7 at 15). The ALJ discounted Dr. Haggag's assessment as not being from a treating physician. ("Dr. Haggag's opinion appears to be unsupported as the record contains no treatment records from Dr. Haggag, and other evidence, including the Plaintiff's testimony, does not support the Plaintiff's claim of total disability.") (Tr. 13). However, the record shows that Dr. Haggag treated Plaintiff on four separate occasions prior to the day of the December 14, 2009, hearing and he attached an MRI as support for

his conclusions. (Tr. 249-250, 251, 254, 341-348).

Dr. Haggag assessed Plaintiff as meeting the category of impairments for Musculoskeletal and Spine as described in the Social Security Regulations, specifically, 1.04(C). (Tr. 343-45). Dr. Haggag also assessed that Plaintiff was unable to engage in sedentary work activity; light work activity; medium work activity; heavy work activity; or very heavy work activity. (Tr. 341-45). "While the opinions of physicians are not determinative of the issue of disability . . . the law is clear that the ALJ must give substantial weight 'to the opinion, diagnosis, and medical evidence of the claimant's treating physician.'" *Key v. Barnhart*, 324 F. Supp. 2d 1288, 1290 n.7 (N.D. Ala. 2004). "Where the Secretary ignores or fails to properly refute a treating physician's report, the findings in that report are to be accepted as true as a matter of law." *Id*. (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

The Eleventh Circuit has held that substantial weight must be given to the opinion of a treating physician in determining disability. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit also has explained that a physician's opinion may not be dismissed without good cause. *Id*. Good cause exists <u>where the treating physician's opinion was not bolstered by the evidence</u>, the evidence supported a contrary finding, <u>or the treating physician's opinion was</u>

<u>conclusory</u> or inconsistent with the physician's own medical records. *Id*. (emphasis added).

Moreover, if an ALJ gives less weight to the opinion of a treating physician, the ALJ must articulate the reasons why the treating physician's opinion is given less weight; the failure of an ALJ to do so is reversible error. *Id*. However, when the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, <u>and those reasons are supported by substantial evidence</u>, this court will not re-weigh the evidence anew. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("Where our limited review precludes re-weighing the evidence anew, and as the ALJ articulated specific reasons for failing to give [the treating physician's] opinion controlling weight, we find no reversible error.") (internal citation omitted).

In the instant case, the ALJ stated that "Dr. Haggag's opinion is unsupported as the record contains no treatment records from [Dr. Haggag], and other relevant evidence [including Plaintiff's testimony] and activities of daily living do not support total disability." (Tr. 13, 14). He also stated that "Dr. Haggag failed to provide clinical data or information to support his opinions." (Tr.14). However, Dr. Haggag's opinion specifically references the "attached MRI result as evidence." (Tr. 343, referencing Tr. 346-48). Because these

findings of "no treatment records" and "no clinical data or information" are factually incorrect, the ALJ erred in not giving Dr. Haggag's assessment due weight. (Tr. 249, 251, 254). Because of these fundamental factual errors, the ALJ failed to articulate good cause for discounting Dr. Haggag's assessment of Plaintiff. *See*, *Scott v. Heckles*, 770 F. 2d 482(5th Cir. 1985) (Denial of disability benefits by ALJ reversed and remanded when ALJ erroneously determined that there were "no clinical or laboratory findings" to support the treating physician's opinion that the claimant was totally disabled.)

### B. The ALJ Neglected to Apply The Pain Standard When Determining The Plaintiff's Eligibility for Disability Benefits.

Plaintiff argues that the ALJ applied improper legal standards when the ALJ denied Disability Insurance Benefits. (Doc. 7 at 3). The ALJ explained that he "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 12). The ALJ also noted that he found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, ... [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible . . . ." (Tr. 13).

In *Key v. Barnhart*, the plaintiff claimed to have been unable to work

because of pain; the plaintiff also contended to have been unable either to work in her garden or to crochet, given her health condition, including an inability to squat, bend, or crawl. 324 F. Supp. 2d at 1289. The plaintiff's medical records provided further evidence of the plaintiff's health condition. *Id*. at 1290. Despite the plaintiff's subjective testimony and the medical evidence of a treating physician, the Secretary denied the plaintiff disability benefits. *Id*. at 1289. The court reversed and remanded the court's decision, holding that "whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standards" impose requirements. *Id*. at 1291. The requirements are:

1. evidence of an underlying medical condition and either
2. objective medical evidence confirming the severity of the alleged pain arising from that condition or
3. that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

324 F.Supp. 2d at 1291 n. 14. (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Similarly, Plaintiff in the instant case provided subjective testimony regarding her pain and its limitations on her activities. (Tr. 45-49). The Plaintiff also provided medical evidence from a treating physician, Dr. Haggag. (Tr. 341-

45). As the court held in *Key*, the Commissioner in the instant case should have applied the pain standard. The ALJ's decision to deny the Plaintiff Disability Insurance Benefits is unsupported when Dr. Haggag's medical assessment is considered with other evidence available to the ALJ at the time of his decision denying Disability Insurance Benefits. Therefore, the court finds that the ALJ failed to properly apply the pain standard.

## II. THE ALJ DID NOT FULLY AND FAIRLY DEVELOP THE RECORD.

The Plaintiff argues that "the ALJ failed to develop the record even as far as deciding what [the Plaintiff's] impairments were." (Doc. 7 at 14). The Plaintiff also asserts that "if the ALJ has question about [Dr. Haggag's] diagnosis, [the ALJ] needed to seek . . . additional evidence . . . to obtain more information . . . ." (Doc. 7 at 15). The ALJ explained that "Dr. Haggag failed to provide clinical data or information to support his opinion and is not supported by specific information that would lead to the conclusion that the claimant is totally disabled." (Tr. 14). The ALJ has a basic obligation to develop a full and fair record. A full and fair record not only ensures that the ALJ has fulfilled his "duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on

the merits is rational and supported by substantial evidence." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted).

In *Vega v. Commissioner of Social Security*, the Eleventh Circuit Court of Appeals reversed the trial court's affirmation that the plaintiff in that case was not eligible to receive Disability Insurance Benefits. 265 F.3d 1214 (11th Cir. 2001). Vega was a 58-year-old female who suffered an injury after a fall in 1992. *Id*. at 1216. Vega, who had a tenth-grade education and who worked as a secretary at a cabinet company and as a drug store clerk, claimed that she suffered from "severe pain in her shoulder, a burning sensation in her neck, severe headaches, and pain radiating down her left leg." *Id*. Vega claimed to have had "constant pain in both hands . . . headaches . . . dizziness and nausea;" she also claimed to not be able to "stand or sit for more than ten to fifteen minutes and that she used a cane for walking." *Id*. At the hearing with the Administrative Law Judge, Vega also testified that, since her fall, "she suffers from depression and has problems with her memory, concentration, and her ability to read and do math . . . ." 265 F.3d at 1216. In addition to Vega's testimony, a vocational expert testified that, if precise, Vega's testimony would signal that "she could not perform any work, including her past work." *Id*. The *Vega* court noted that "the ALJ should have included [Vega's] complaints in the hypothetical question posed to the [vocational expert]."

Page 14 of 16

265 F.3d at 1220.

Similar to Vega, Plaintiff is in her fifties, and she has a high school education. (Tr. 35, 83). In addition, like the ALJ in *Vega*, the ALJ in the instant case failed to develop the record when he neglected to include rheumatoid arthritis or other conditions noted by Plaintiff and Plaintiff's physicians in his questions to the vocational expert. (Tr. 57-61). In sum, the ALJ failed to ask the vocational expert questions specific to Plaintiff's medically substantiated conditions. Moreover, because the ALJ questioned the conclusory nature of Dr. Haggag's assessment, he should have asked the vocational expert questions specific to Dr. Haggag's claim that Plaintiff was unable to engage in sedentary work activity; light work activity; medium work activity; heavy work activity; or very heavy work activity. (Tr. 341-345). Because the ALJ did not adequately incorporate Plaintiff's complaints of rheumatoid arthritis or Dr. Haggag's conclusion about Plaintiff's abilities into the hypothetical questions posed to the vocational expert, the court finds that the record was not fully and fairly developed.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision denying Disability Insurance Benefits to Plaintiff is unsupported by substantial

evidence, and the proper legal standard was not applied.  In addition, factual error occurred when the ALJ incorrectly found that Dr. Haggag's medical opinion was unsupported in the record by other treatment records.  Accordingly, the decision of the Commissioner will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 24th day of January, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge